## PROCEEDINGS IN ATTACHMENT BEFORE A JUSTICE OF THE PEACE.

Common Pleas Court of Hamilton County.

MARGARET DORAN v. MARY COLLINS, JAMES WILDER AND MILLARD F. ROEBLING, JUSTICE OF THE PEACE.

Decided, January 30, 1909.

*Attachment—Jurisdiction of Justice of the Peace—Where the Defendant is a Resident of Another Township—Money had and Received not "Necessaries"—Inconsistent Allegations in Affidavit—Injunction Restraining Plaintiff and Constable from Levying Execution—Sections 584 and 6486 to 6514.*

1. Where a summons accompanies an order of attachment, but no property is seized under the attachment, a justice of the peace has jurisdiction to render personal judgment, notwithstanding the defendant is a resident of another township. (Late decisions are followed, but the contrary holdings of an earlier date are preferred.)

2. Money had and received or money loaned does not fall within the class of "necessaries" and does not constitute a legal basis for attachment.

3. The averment in an affidavit for attachment that the defendant has property which he conceals is inconsistent with an averment that the action is for "necessaries," and is not sufficient to sustain a judgment when it develops that the claim is not one for necessaries.

4. A judgment recovered in such a case is not voidable but void, and injunction will lie against the plaintiff and constable restraining the levying of a writ of execution.

*Harry Hess* and *Joseph Lemkuhl,* for plaintiff.
*Powell & Smiley,* contra.

GORMAN, J.

This cause is heard upon the petition, the answer of all the defendants, and the evidence produced at the trial. The action is one to enjoin the defendants from harrassing or annoying the plaintiff or her property, levying upon her property, or proceeding against the same on an alleged judgment obtained against the plaintiff by the defendant, Mary Collins, in an action brought

by her before the defendant, Millard F. Roebling, justice of the peace in and for Delhi township.

The facts disclose that on the 11th day of June, 1908, Mary Collins filed a bill of particulars in a civil action against the plaintiff, Margaret Doran, before the defendant, Millard F. Roebling, justice of the peace in and for Delhi township, asking judgment for two hundred and one dollars and thirty-four cents for money had and received. At the time of the filing of the bill of particulars an affidavit in attachment was filed.

The ground upon which the attachment was issued, and set out in the affidavit, was that the claim sued upon was for "necessaries," and that the defendant, Margaret Doran, has property, or rights in action, which she conceals. The Union Gas & Electric Company was named as garnishee, and garnishment process was issued upon the affidavit in attachment. Summons was issued to accompany the writ of attachment, and personal service was made on Margaret Doran on the 11th day of June, 1908, and proper service according to law was made upon the garnishee, the Union Gas & Electric Company. Bond was given in attachment as provided by statute. Summons and writ of attachment were made returnable June 23d, 1908. On that day the defendant, Margaret Doran, filed a motion to discharge the attachment and release the money held under the garnishment, and to quash the summons issued, on the ground that the court had no jurisdiction over the person of the defendant, and that the affidavit upon which the attachment was procured was false and insufficient in law. She subsequently states in the motion that she enters her appearance for the purpose of the motion only, and not for the purpose of conferring jurisdiction. This motion was granted on June 26, 1908, as appears from the endorsement on the back of the motion; and the docket of the justice of the peace recites that on June 23d, 1908, at 9 A. M., the plaintiff and the defendant came by counsel; the plaintiff was duly sworn and examined and trial had and testimony heard. Defendant by counsel filed a motion supported by affidavit for the discharge of the attachment, whereupon the case was taken under advisement. On June 26, 1908, the justice of the peace entered a judg-

ment against .the defendant, Margaret Doran, for $201.34 and ordered the attachment to be discharged.

It is claimed by the ·plaintiff in this case, Margaret Doran, that the justice had no jurisdiction to render a judgment against her, and that therefore the alleged judgment is null and void and of no effect, and that no execution can be issued thereon and no levy upon her goods and chattels to satisfy the alleged judgment. She avers in her petition filed herein that notwithstanding the judgment was void, the defendant, Roebling, justice of .the peace, has issued a writ of execution and placed the same in the hands of the defendant, James Wilder, constable, and that the constable will proceed to levy upon her goods and ·chattels by virtue of the execution, unless restrained by this court.

By the provisions of Sections 583 and 584 of the Revised Statutes, a justice of the peace among other things has jurisdiction to issue an attachment and proceed against the goods and effects of debtors in certain cases. The fourth subdivision of Section 584 provides:

''Where the summons is accompanied with an order to attach property, the jurisdiction (of the justice) is co-extensive with the county.''

There seems to be a conflict of decisions as to whether or not a justice has jurisdiction to render judgment against a resident of his county but a non-resident of his township, in cases where an order of attachment accompanies the summons. The earlier authorities held that unless the order of attachment was made effective by the seizure of property, or the answer of the garnishee and the giving of a bond, there was no jurisdiction in the .justice of the peace to render a personal judgment against a non-resident of his township, even in cases where a writ of attachment was issued. (See *Davis* v. *Lewis*, 16 C. C., 138; *Reich* v. *The Pike Building Company*, Hamilton County, 8 Nisi Prius, 234 (a judgment of Judge Hollister, affirmed without report by the Circuit Court of Hamilton County) ; *Orr* v. *Schackel*, 5 Nisi Prius (judgment of Judge Spiegel, Hamilton County Common Pleas).

The court is of the opinion that the decisions in these earlier cases is founded upon better reason than those later decided. An examination of the sections providing for attachment by a justice of the peace, Sections 6486 to 6514 inclusive, will disclose that there is no provision for trying the case on attachment, unless the attachment proceedings are made effective by the seizure of property or the answer of the garnishee, or the payment of money into court, or the giving of a bond by the garnishee. Section 6514 among other things provides:

"If in any case where an order of attachment has been issued by a justice of the peace, it shall appear from the return of the officer, and if there is a garnishee in the case, then also from the examination of the garnishee, that no property, moneys, rights, credits or effects of the defendant have been taken under the attachment, but that the defendant is the owner of an interest in real estate in the county, the justice before whom said action is pending shall, at the request of the plaintiff, forthwith certify his proceedings to the court of common pleas of the proper county, and thereupon the clerk of the court of common pleas shall docket said case, and the action shall be proceeded with in all respects as if the same had originated therein."

This section clearly indicates that the justice of the peace can not proceed where no personal property has been seized under the order of attachment.

But inasmuch as the later cases now to be referred to have held that Section 584, subdivision fourth, gives the justice of the peace jurisdiction co-extensive with the county, when an order of attachment is issued and made to accompany the summons, whether the order of attachment is made effective by the seizure of property or not, the court feels bound to follow these later decisions, and hold that the justice of the peace has jurisdiction to render a personal judgment against a non-resident of his township, where the summons is made to accompany the order of attachment and no property is seized under the order of attachment. These later cases are, *Kelly* v. *Flanagan,* 20 C. C., 391; *Collins* v. *Bingham Bros.,* 22 C. C., 533; *Rogers* v. *Pruschansky,* 3 C. C.—N. S., 366.

This latter case is a decision of our circuit court, and the court held that the justice of the peace in this last case had jurisdiction of the person and of the subject-matter and that the attachment was valid.

In the case at bar, the attachment was discharged by the justice of the peace on motion of the defendant in the case before him, and it is contended by the plaintiff in the case at bar, who was the defendant before Justice Roebling, that not only was the attachment discharged, *but the summons was quashed*, thereby leaving the case pending as one in which a bill of particulars only was filed without any summons having been issued or served upon the defendant in that case.

It is further urged that there was no foundation for issuing the attachment by the justice of the peace, and that the affidavit to procure the order of attachment *shows upon its face* that it is defective and not sufficient in law upon which to base an order of attachment.

The affidavit and the bill of particulars state the nature of the claim to be for "money had and received" and that this is "a necessary." Now, it has been held that money had and received or money loaned is not a necessary, and therefore there was no proper affidavit upon which to issue an order of attachment; but the affidavit for the order of attachment before the justice also states that the defendant has property or rights of action which she conceals, and it is contended that this statement in the affidavit is sufficient to make it good, regardless of the averment in the affidavit as to necessaries.

The court is of the opinion that this would be true if the word "necessaries" had not been used in the affidavit; if the affidavit had merely averred that the claim is for money had and received, and that the defendant has property or rights of action which she conceals; but these two *inconsistent claims* can not be set out in the same affidavit. The court is inclined to believe, but does not base its opinion upon this fact, that the affidavit and the attachment were not issued in good faith against the defendant, Margaret Doran, that therefore the case of *Kelly* v. *Flanagan*, 20 C. C., 391, does not apply, and that by reason of the fact that the attachment was not issued in good faith, even though

a summons was made to accompany an order of attachment, the justice did not acquire jurisdiction to render a personal judgment against the defendant, Margaret Doran. This expression of opinion may be considered a mere *obiter*.

The court finds that the motion filed by the defendant, Margaret Doran, to quash the summons and discharge the attachment was granted by the justice of the peace *as shown by the evidence in this case,* and such being the fact, there was no order of attachment outstanding against her and no summons issued against her or served upon her; and being a non-resident of the township, and not having entered her appearance before the justice of the peace before the 26th day of June, 1908 (she having specially declared in her motion that she did not enter her appearance, but appeared only for the purpose of the motion), the justice had no jurisdiction to render a personal judgment against her, and that the judgment so rendered is void.

This is not a case of a voidable judgment, but one that is absolutely void and of no more force and effect than if it had never been rendered. It is, as the courts have sometimes said, an absolute nullity and a blank.

It has been urged that this attachment suit is a collateral attack upon the judgment, and this point would be well founded if the judgment was merely voidable and not void; but being void, it is entitled to no respect from any person at any time or any place. The judgment is a cloud upon the title of the plaintiff, Maragret Doran, and any property which she may have or which she may hereinafter acquire, and the fact that the defendant, Mary Collins, and the constable, James Wilder, may, under the execution issued, seize some of her property, is a sufficient reason for the interposition of the arm of a court of equity. The justice of the peace can not be enjoined because it is not within the jurisdiction or power of one court to enjoin the proceedings of another court. The court is reached through the parties and the constable.

The judgment of this court is that the defendant, Mary Collins, be enjoined as prayed for in the petition, and that the defendant, James Wilder, constable, be enjoined as prayed for in the petition; that the injunction may be made perpetual enjoin-

ing them and each of them from in any manner annoying or interfering with the property of the plaintiff, Margaret Doran, by virtue of any execution or writ or order issued on said judgment.

The costs of the case are adjudged against the defendant, Mary Collins.